J-S08024-23

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA SHANE MILLER | : | |
| | : | |
| Appellant | : | No. 417 MDA 2022 |

Appeal from the PCRA Order Entered December 30, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001682-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA SHANE MILLER | : | |
| | : | |
| Appellant | : | No. 418 MDA 2022 |

Appeal from the PCRA Order Entered December 30, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001161-2017

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED SEPTEMBER 29, 2023**

Joshua Shane Miller (Appellant) appeals, *pro se*, from two orders[1]

entered in Luzerne County Court of Common Pleas, denying his serial Post-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On June 10, 2022, this Court consolidated these appeals *sua sponte*. **See** Order, 6/10/22.

Conviction Relief Act[2] (PCRA) petition relating to two trial court dockets. On appeal, he claims the PCRA court erred by finding that his sentence was legal, his attorneys were not ineffective, and that it did not misadvise him of his appellate rights. Based on the following, we reverse and remand for further proceedings.

A detailed recitation of the underlying facts is not necessary for this appeal. Briefly, we note on October 24, 2017, Appellant pled guilty at two different dockets: (1) Criminal Docket No. CP-40-CR-0001682-2016 (Docket No. 1682) to one count of persons not to possess a firearm; and Criminal Docket No. CP-40-CR-0001161-2017 (Docket No. 1161) to one count of possession of a controlled substance by inmate.[3] That same day, the trial court sentenced Appellant to an aggregate term of 48 to 96 months' incarceration.[4] Appellant did not file a post-sentence motion or a direct appeal.

Rather, on April 6, 2018, Appellant filed his first, *pro se*, PCRA petition, listing both dockets. The PCRA court appointed counsel, Leonard Gryskewicz,

_____

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 6105(a)(1) and 5123(a.2), respectively.

[4] The plea agreement included the length of the aggregate sentence. **See** N.T., 10/24/17, at 4.

Esquire, who filed a supplemental PCRA petition.[5]  On March 26, 2019, the court held a hearing, and denied Appellant's petition "in its entirety." N.T., 3/26/19, at 71.

On April 2, 2019, Appellant filed a counseled, single notice of appeal as to both dockets.  Contemporaneously, Attorney Gryskewicz filed a motion for the appointment of substitute appellate counsel.  The court then appointed Matthew Kelly, Esquire, to represent Appellant.  On July 19, 2019, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, which addressed the merits of Appellant's petition and found his claims were without merit.  **See** PCRA Ct. Op., 7/19/19, at 3-7.  Attorney Kelly subsequently filed a "No Merit/**Turner Finley**[6] Brief" and application to withdraw as counsel with this Court. Appellant did not file a response.

On January 16, 2020, a panel of this Court quashed the appeal and denied counsel's motion to withdraw as moot.  **See Commonwealth v. Miller**, 536 MDA 2019 (unpub. memo.) (Pa. Super. Jan. 16, 2020).  The panel

---

[5] In the supplemental petition, Appellant alleged, *inter alia*, that plea counsel was ineffective: (1) for failing to investigate his case pre-plea and for failing to subpoena and bring witnesses to the jury trial that was scheduled the same day as the guilty plea, thereby leaving Appellant with no choice but to accept the plea offer; and (2) because she had a conflict of interest in that she represented the wife of one of the Commonwealth's witnesses prior to representing him.  **See** Appellant's Supplemental PCRA Petition, 1/25/19, at 3-7.

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

highlighted the fact that only one notice of appeal was filed and concluded that pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018),[7] the appeal should be quashed. **See Miller**, 536 MDA 2019 (unpub. memo. at 3). The panel also denied Attorney Kelly's application to withdraw as moot. **Id.** at 4.[8]

Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Instead, on March 4, 2020, he filed a second, *pro se* PCRA petition, raising several claims of PCRA counsel's ineffectiveness, including an ineffectiveness claim that counsel failed to properly comply with

_____

[7] In **Walker**, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress filed by four criminal defendants at four different docket numbers. **Walker**, 185 A.3d at 971. A panel of this Court quashed the appeal, determining the Commonwealth was required to file four separate notices of appeal pursuant to Pa.R.A.P. 341(a). **Id.** The Pennsylvania Supreme Court vacated this Court's order based on prior treatment of the rule, but it held that "**prospectively**, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Id.** The Court further opined: "The failure to do so requires the appellate court to quash the appeal." **Id.** at 977.

We note **Walker** was subsequently overruled in part by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021), which reaffirmed **Walker**, but held that Pa.R.A.P. 902 permits an appellate court, in its discretion, to allow correction of the error where appropriate. **See also** Pa.R.A.P. 902 (amended May 18, 2023).

[8] A review of the dockets reveals that Attorney Kelly continued to be served filings related to these cases until March of 2022 when he filed a motion to withdraw as counsel, which was granted on April 8, 2022. As will be discussed below, this appears to have caused some confusion, wherein Attorney Kelly was served the December 30, 2021, orders denying Appellant's March 4, 2020, petition, but Appellant was not.

*Walker*. *See* Appellant's *Pro Se* Petition for Post Conviction Relief Act, Under 42 Pa.C.S. §§ 9541-9546, 3/4/20, at 3. Additionally, he filed a petition to withdraw his guilty plea *nunc pro tunc* on May 6, 2020.

The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 notice of its intent to dismiss both petitions without a hearing.[9] Appellant filed a response, alleging, *inter alia*, the PCRA court had improperly advised him of his appeal rights in light of *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019).[10] *See* Appellant's Opposition to the Notice of Intent to Dismiss, 10/21/20, at 2 (unpaginated). On December 30, 2021, the PCRA

_____

[9] The PCRA court noted that Appellant's May 6th petition raised several issues related to his plea and sentence and determined the issues were cognizable under the PCRA; thus, it treated the document as another PCRA petition. *See* Notice of Intention to Dismiss Motion for Post Conviction Collateral Relief Pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice), 9/30/20, at 2.

Additionally, the PCRA court found: (1) both petitions were untimely; (2) the issues raised in the petitions either were waived or had been previously litigated; (3) Appellant's constitutional rights had not been violated; (4) counsel did not provide ineffective assistance; and (5) Appellant's arguments were without merit and evidentiary support. *See* Rule 907 Notice at 3-4.

[10] In *Stansbury*, a panel of this Court declined to quash an appeal where the PCRA court mistakenly informed the petitioner he could file "a" notice of appeal when there were two trial dockets, and that such "misstatements . . . amount[ed] to a breakdown in court operations such that [it] may overlook the defective nature of Appellant's timely notice of appeal[.]" *Stansbury*, 219 A.3d at 160. *See also Commonwealth v. Larkin*, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming *Stansbury* and holding we may overlook the requirements of *Walker* where a breakdown occurs in the court system and a defendant is misinformed of his appeal rights).

court again denied Appellant's petitions. He then filed separate notices of appeal on February 11, 2022.[11]

Preliminary, we must determine whether Appellant filed a timely notice of appeal. As noted above, the PCRA court entered its orders on December 30, 2021, and Appellant filed his *pro se* notices of appeal on February 11, 2022. Pursuant to Pa.R.A.P. 903(a), a notice of appeal must be filed within 30 days of the entry of the order being appeal. This Court may not enlarge the time for filing a notice of appeal. **See** Pa.R.A.P. 105(b). Here, Appellant had until January 31, 2022, to file a timely notice of appeal.[12] Thus, his notices appear to be patently untimely pursuant to Rule 903.

On May 18, 2022, this Court issued a rule to show cause order on the basis that the appeal was untimely filed. Eight days later, Appellant filed a response, asserting he dated the notices of appeal on January 27, 2022, and prison officials signed the documents on that same day. **See** *Pro Se* Appellant's Motion to Show Cause for Late Notice of Appeal, 5/26/22, at 1 (unpaginated). He also averred that he did not receive the PCRA court's December 30, 2021, orders until after January 21, 2022, and attached a copy

---

[11] Appellant complied with **Walker** as each notice of appeal contained one trial court docket number.

[12] The 30-day time period following December 30, 2021, fell on Saturday, January 29, 2022. Appellant therefore had until that Monday, January 31st, to file a notice of appeal. **See** 1 Pa.C.S. § 1908.

of the envelope the orders were sent in, which included a postage date of January 21, 2022. *See id.* at 1-2, attachment.

We recognize that Appellant is incarcerated and note that pursuant to Pennsylvania Rule of Appellate Procedure 121, "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence." Pa.R.A.P. 121(f). "Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). Here, Appellant placed the notice of appeal with the prison authorities on January 27, 2022. Therefore, in accordance with Rule 121(f) and ***Crawford***, Appellant is entitled to the benefit of the "prisoner mailbox rule," and we consider his notice to be timely filed.

Moreover, even if the "prisoner mailbox rule" did not apply, we would construe the failure of the PCRA court's order to be served on Appellant in a timely manner as a breakdown in the court processes that excused his otherwise untimely filing. A review of the docket reveals that the docket entry for the December 30, 2021, orders does not contain any notation regarding service of the order on **Appellant**. *See* Pa.R.Crim.P. 114(C)(2)(c) (specifying that trial court docket entries shall contain, *inter alia*, "the date of service of

the order or court notice"); Pa.R.Crim.P. 907(4) (requiring that when PCRA petition is dismissed without hearing, judge shall issue order to that effect, and, in addition to advising defendant *via* certified mail of his right to appeal, "[t]he order shall be filed and served as provided in Rule 114"); ***see also*** ***Commonwealth v. Hess***, 810 A.2d 1249, 1253 (Pa. 2002) (recognizing Rule 114's mandatory procedures regarding docket entries). Rather, the PCRA court improperly sent electronic notice to Attorney Kelly, Appellant's former counsel, on January 13, 2022. Here, the appeal period did not start until January 21, 2022, when the PCRA court mailed Appellant a copy of the order, and therefore, the February 11, 2022, notice of appeal was timely. ***See*** ***Commonwealth v. Carter***, 122 A.3d 388, 390-92 (Pa. Super. 2015) (stating pursuant to Pa.R.A.P. 108(a)(1), (d)(1), appeal period does not run until clerk of courts mails or delivers copies of order to parties shown on docket). Accordingly, we may proceed with the merits of the appeal.[13]

Appellant raises the following claims on appeal:

1. Did the PCRA court err[ ] in determining that the underlying sentence of [October 24, 2017], was not an illegal sentence ordered?

2. Did the PCRA court err[ ] in determining that [ ] Appellant's attorney(s) were not ineffective during sentencing, prior to the

---

[13] The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, and the PCRA court issued an Pa.R.A.P. 1925(a) opinion on August 12, 2022, which was served on the parties three days later.

sentencing, then throughout the post[-]sentence PCRA stages, and further appeals process[es]?

3. Did the PCRA court err[ ] in [misadvising] Appellant of his direct appeal rights on the date of sentence . . ., on the date of the dismissal of the original timely filed PCRA hearing . . ., and on the date of [December 30, 2021], when [the] PCRA court dismissed the second subsequent PCRA [petition] without providing an evidentiary hearing?

4. Did the PCRA court err[ ] in determining that at no point have the court, or the Commonwealth, violated [ ] Appellant[']s rights to due process, or has an abuse of discretion taken place?

Appellant's Brief at 6 (some capitalization omitted).

We observe that while Appellant presents four claims, we first must address his second and third issues — whether counsel was ineffective for failing to properly file separate notices of appeal at each docket pursuant to **Walker** and whether his 2019 direct appeal rights should be reinstated. **See** Appellant's Brief at 24-29. This, in turn, implicates the timeliness of Appellant's second PCRA petition, and whether we have jurisdiction to review the matter.

This Court's "standard of review of a PCRA court order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Hipps**, 274 A.3d 1263, 1266 (Pa. Super. 2022) (citation omitted), *appeal denied*, 288 A.3d 1292 (Pa. 2022). Our review of factual questions is "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa. Super. 2022)

(citations omitted). However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant was sentenced on October 24, 2017. Therefore, his judgment of sentence became final on November 27, 2017[14] — 30 days after the trial court imposed the sentence and Appellant declined to file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3). Generally, Appellant then had one year from that date — November 27, 2018 — to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He filed the present petition on March 4, 2020 — more than a year later — and as such, it is facially untimely.

_____

[14] The 30-day time period following October 24, 2017, fell on Thanksgiving, a legal holiday, and the next day was likewise a court holiday. Appellant therefore had until that Monday, November 27th, to file a notice of appeal. *See* 1 Pa.C.S. § 1908.

- 10 -

Nevertheless, Section 9545(b)(1) provides three exceptions to the time for filing requirement. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Among these is the "newly discovered fact" exception, which is defined as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> *    *    *
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii). Relevant to this appeal and as will be discussed *supra*, "*per se* ineffectiveness of [PCRA] counsel can, in certain circumstances, satisfy the timeliness exception of [S]ection 9545(b)(1)(ii)." *Hipps*, 274 A.3d at 1268.

Any petition invoking one of the timeliness exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

In its Rule 1925(a) opinion, the PCRA court was in agreement with Appellant that his PCRA appeal rights "should be reinstated." PCRA Ct. Op., 8/12/22, at 6. The court deemed his second PCRA petition as timely filed based on the following. It noted that in Appellant's petition, he alleged that his "PCRA counsel was ineffective for failing to perfect his requested appeal[.]"

- 11 -

***Id.*** at 7.   The court observed that "[a] defendant claiming that counsel effectively abandoned him on appeal is entitled to application of [the newly-discovered fact] exception[15] to the [PCRA's] one-year time limitation."   ***Id.*** (citation omitted).   The court pointed out that following the denial of Appellant's first PCRA petition, it "direct[ed] him to file a singular notice of appeal which had been previously held to represent a breakdown in the court system which justifies relief."   ***Id.*** at 8 (citations omitted).   It then stated: "Considering the foregoing, Appellant timely filed his March 4, 2020, PCRA [petition] within one year following" the prior panel's judgment order at Docket No. 536 MDA 2019, which quashed his appeal.   ***Id.***, *citing* 42 Pa.C.S. § 9545(b)(1)(ii).   The court further determined that "counsel's failure to comply with the then controlling directives of ***Walker*** demonstrates that [Appellant] was prejudiced because he did not have an opportunity to counseled appellate litigation of his PCRA claims."   PCRA Ct. Op., 8/12/22, at 8-9.   The court requested that this Court remand the matter for further proceedings, including a determination as to whether Appellant wished to be represented.   ***Id.*** at 9.

We agree in part and disagree in part with the PCRA court's determination.   First, we note the PCRA court relies on the incorrect "operative" date for PCRA timeliness purposes.   It determined that Appellant's

---

15 ***See*** 42 Pa.C.S. § 9545(b)(1)(ii).

- 12 -

petition was timely since it was filed less than one year after his appeal was quashed. *See* PCRA Ct. Op., 8/12/22, at 8. As the Commonwealth points out, "the operative [date] was the finality" of Appellant's judgment of sentence, "which occurred in 2017." Commonwealth's Brief at 14. We concur with the Commonwealth. According to Section 9545(b)(3), Appellant's judgment of sentence became "final at the conclusion of direct review . . . or at the expiration of time for seeking such review." 42 Pa.C.S. § 9545(b)(3). Therefore, the PCRA court relied on the incorrect date with regard to its timeliness calculation. As discussed above, Appellant's judgment of sentence was final on November 27, 2017, when he declined to seek a direct appeal, and, contrary to the PCRA court's finding, his March 4, 2020, petition is untimely. We now turn to address whether Appellant has satisfied the newly-discovered fact exception to the one-year time bar.

Generally, a claim that prior counsel rendered ineffective assistance "is not the type of [newly]-discovered evidence encompassed by" Section 9545(b)(1)(ii). *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). Nevertheless, the Supreme Court has carved out a limited exception when PCRA counsel's action or inaction completely deprived the petitioner of review of their collateral claims raised in a **first** PCRA petition. *See Commonwealth v. Peterson*, 192 A.3d 1123, 1132 (Pa. 2018) ("[W]e conclude that [c]ounsel's untimely filing of [a] first PCRA petition constituted

- 13 -

ineffectiveness *per se*, as it completely foreclosed [the petitioner] from obtaining review of the collateral claims set forth in his first PCRA petition.").

In **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), the Supreme Court considered whether the fact that first PCRA counsel failed to file a brief in this Court following an appeal from the denial of relief constituted an "unknown fact" under Subsection (b)(1)(ii), which would excuse the untimely filing of a second PCRA petition. **Id.** at 1272. In concluding that it did, the Supreme Court distinguished **Gamboa-Taylor** and its progeny as "situations when PCRA counsel had allegedly ineffectively **narrowed the class of claims** raised by not including all of the viable claims in the first petition." **Id.** (emphasis added). However, the Court held:

> Those cases . . . have no relevance when the claim emanates from the **complete denial of counsel**. Rather, in such instances, the United States Supreme Court mandates the presumption of prejudice because the process itself has been rendered "presumptively unreliable" under the Sixth Amendment.

**Id.** at 1273 (citation omitted & emphasis added). Thus, the **Bennett** Court opined:

> Consistent with this jurisprudence, this Court has recognized a distinction between situations in which counsel has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances, as here, in which counsel has failed to file an appeal at all. To this end, we have repeatedly indicated that the failure to file a requested direct appeal or a 1925(b) statement in support thereof is the functional equivalent of having no counsel at all. In such instances, the deprivation **requires** a finding of prejudice. Accordingly, following our prior case law, we hold that the analysis set forth in **Gamboa−Taylor** and subsequent case law **does not apply to situations when counsel abandons his client for purposes of appeal**.

- 14 -

> Additionally, allowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature. Rather, subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances **when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control**.

*Id.* at 1273 (some emphases added & citations omitted). Accordingly, the Court remanded the matter to this Court for consideration of whether the fact that prior counsel had failed to file a brief was discoverable by the petitioner if he had acted with due diligence. *See id.* at 1275.

Subsequently, in *Peterson*, *supra*, the Supreme Court concluded that prior "counsel's negligence *per se* in filing an **untimely** [first] PCRA petition constitute[d] adequate grounds to permit the filing of a new PCRA petition" pursuant to the newly discovered facts exception. *Peterson*, 192 A.3d at 1125 (emphasis supplied). Similar to counsel's failure to file a brief in *Bennett*, the *Peterson* Court reasoned "[c]ounsel's untimely filing of [the petitioner's] first PCRA petition . . . completely deprived [the petitioner] of any consideration of his collateral claims under the PCRA." *Id.* at 1130. Thus, the Court determined the petitioner properly invoked the newly discovered facts exception "to permit the filing of his second PCRA petition beyond the one-year time bar." *Id.* at 1132. *See also Commonwealth v. Rosado*, 150 A.3d 425, 434 (Pa. 2016) (holding counsel's filing of a brief that "raises only waived issues . . . is . . . akin to failing to file document perfecting an appeal").

*Peterson* and *Rosado* "stand for the proposition that, whenever PCRA counsel takes **any** action that wholly deprives his or her client of the right to

appellate review of collateral claims, counsel will be deemed to be ineffective *per se*." ***Commonwealth v. Parrish***, 224 A.3d 682, 701 (Pa. 2020) (emphasis in original). In ***Parrish***, the Supreme Court held that counsel's vague Rule 1925(b) statement amounted to a complete forfeiture of the defendant's right to appellate review of his claims and constituted ineffectiveness *per se*. ***Id.*** at 701-02.[16] ***Compare with Hipps***, 274 A.3d at 1270 (applying ***Bennett***, ***Peterson***, and ***Rosado*** and concluding defendant failed to demonstrate that PCRA counsel's "representation constituted ineffectiveness *per se*, where he did not wholly deprive" defendant of collateral review) (emphasis omitted).

Applying the case law to the matter *sub judice*, we agree with the PCRA court that Appellant is entitled to relief. The record reveals that PCRA counsel's representation with respect to Appellant's first PCRA petition constituted ineffectiveness *per se* because he "wholly deprive[d]" his client of appellate review of collateral claims. ***See Parrish***, 224 A.3d at 701. ***Walker*** was decided on June 1, 2018, which was after Appellant filed his *pro se* PCRA

---

[16] We acknowledge that more recently, in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), the Pennsylvania Supreme Court relinquished the Pa.R.Crim.P 907 approach to preservation of PCRA counsel's ineffectiveness claims and concluded: "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401 (footnote omitted). However, that case, unlike the instant matter, concerned a first, timely PCRA petition. ***See id.*** at 384. Therefore, ***Bradley*** is not applicable.

petition but before the PCRA evidentiary hearing. Therefore, counsel should have been aware of **Walker** before the appeal period began. Indeed, when PCRA counsel failed to file separate notices of appeal pursuant to **Walker**, his actions resulted in a quashal of the appeal. **See Miller**, 536 MDA 2019. This Court did not address the merits of his argument. Sometime shortly after this Court's January 16, 2020, judgment order was entered, Appellant learned about PCRA counsel's mistake and he proceeded to file the March 4, 2020, petition, raising PCRA counsel's *per se* ineffectiveness. Under these circumstances, we conclude that Appellant has satisfied the newly-discovered fact exception to the PCRA's jurisdictional time bar. **See Peterson**, **supra**; **Parrish**, **supra**.

Next, we must determine the appropriate remedy based on the circumstances of this case. "Our Court has indicated that, whenever [PCRA] counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that **new counsel can take the necessary steps to restore that right**." **Parrish**, 224 A.3d at 702 (citation omitted; emphasis added). **See also** Pa.R.Crim.P. 904(c), (f)(2) (explaining that an indigent petitioner is entitled to court-appointed counsel on his first PCRA petition; further providing "appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief").

Accordingly, we reverse the order dismissing Appellant's March 4, 2020, petition, and remand for the appointment of new PCRA counsel to address Appellant's rights and claims.[17]

Orders reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2023

---

[17] Based on our disposition, we need not address Appellant's remaining issues.